UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 SEP 27 P 4: 30

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| SHELLEY DELAGE,<br>      Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| KADANT WEB SYSTEMS, INC.; ERIC<br>LANGEVIN AND DAVID DIMARZIO,<br>      Defendants. | )<br>)<br>)<br>) |

DOCKET NO.
**04-40194 FDS**

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

### Jurisdiction

1.     Jurisdiction of this action arises under the Americans with Disabilities Act ("ADA") 42

U.S.C. § 12101, et seq.; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

("Title VII"); and The Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601, et. seq.

### Venue

2.     Venue is proper in this court in that this is the judicial district in which the parties reside

and in which the relevant events occurred.

### Parties

3.     Plaintiff Shelley Delage ("Plaintiff ") is an individual residing in Auburn, Worcester

County, Massachusetts.

4.     Defendant Kadant Web Systems, Inc. ("Kadant") is a corporation doing business in the

Commonwealth of Massachusetts with a principal place of business at 35 Sword Street,

Auburn, Worcester County, Massachusetts

RECEIPT # _404412_
AMOUNT $ _150_
SUMMONS ISSUED _3_
LOCAL RULE 4.1 _✓_
WAIVER FORM _✓_
MCF ISSUED _✓_
BY DPTY. CLK. _KD_
DATE _9-27-04_

5.    Defendant Eric Langevin ("Langevin") is an individual with a principal place of business at 35 Sword Street, Auburn, Worcester County, Massachusetts. At times material, Langevin was the Plaintiff of Kadant.

6.    Defendant David DiMarzio ("DiMarzio") is an individual with a principal place of business at 35 Sword Street, Auburn, Worcester County, Massachusetts. At times material, DiMarzio was the Manufacturing Manager of Kadant.

## General Allegations

7.    Plaintiff was employed by Kadant beginning on or about 7/25/88.

8.    Plaintiff worked for Kadant for more than 14 years. Since approximately 9/4/95, Plaintiff's position was blade machinist.

9.    Plaintiff performed her job more than satisfactorily during the course of her more than 14 years of employment at Kadant. She consistently received good performance reviews and merit increases.

10.    For approximately the last seven years of her employment, Plaintiff was the only female machinist at Kadant.

11.    During the course of 2002, Plaintiff was disabled or handicapped from several medical conditions and injuries that necessitated her remaining out of work for medical treatment and recovery for a substantial period of time.

12.    Plaintiff provided Kadant with medical notes and medical documentation for her absences during 2002.

2

13.    Kadant issued Plaintiff written warnings on 10/7/02 and 12/10/02 for her absences despite the fact that the absences were due to serious medical reasons and were covered by medical notes.

14.    As a result of the 12/10/02 written warning, Plaintiff received a 3-day suspension and was advised that further absence could lead to discharge.

15.    On or about 4/2/03, Plaintiff had a meeting with Kadant's president, Defendant Langevin, to discuss her ongoing serious medical issues and need for time off for treatment.

16.    Plaintiff asked Langevin whether she could use her vacation time for absences for her medical conditions. Langevin refused Plaintiff's request stating that at least 24 hours' notice was required for use of vacation time.

17.    Langevin informed Plaintiff that she would lose her job if she were absent one more day.

18.    Plaintiff disclosed to Langevin her serious medical conditions.

19.    Langevin told Plaintiff to "go out on long term disability just like Lou Dennis," get everything taken care of and then come back to work.

20.    On 4/3/03, Plaintiff was seen by her physician, Dr. Kenneth Farbman. Dr. Farbman issued a medical note that day advising that Plaintiff had medical conditions that required her to remain out of work indefinitely until her problems are resolved.

21.    Dr. Farbman's medical note of 4/3/03 was provided to Defendants.

22.    By letter dated 4/18/03, Defendant DiMarzio terminated Plaintiff's employment effective immediately based on Dr. Farbman's medical note of 4/3/03.

23.    Upon receipt of the letter of termination, Plaintiff contacted Langevin to protest her termination. Langevin promised to speak to DiMarzio and get back to Plaintiff.

24. When Langevin did not get back to Plaintiff as promised, Plaintiff called him again the following day. Langevin told Plaintiff that he had discussed the matter with DiMarzio and that Plaintiff was in fact terminated.

25. Plaintiff is a qualified handicapped person and/or a qualified individual with a disability within the meaning of M.G.L. c. 151B and the ADA.

26. Rather than accommodate Plaintiff's disability, Defendants terminated Plaintiff's employment.

27. In terminating Plaintiff, Defendants engaged in disparate treatment on the basis of gender because it had allowed comparable male employees to stay out of work indefinitely on long term disability without terminating their employment.

28. Plaintiff has been the victim of intentional employment discrimination by Defendants.

29. Plaintiff has been injured and damages by Defendants' acts.

30. Defendants' acts were intentional, malicious and/or done with reckless indifference to Plaintiff's rights.

31. Kadant at all relevant times employed more than 50 persons.

32. Plaintiff has complied with all statutory requirements and conditions precedent necessary to maintain this action, namely the timely filing of a charge of discrimination with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC").

33. On 8/4/04, the EEOC issued Plaintiff a notice of right to sue.

4

## COUNT I
### Violation of the Americans With Disabilities Act
(Against Kadant only)

34.    Plaintiff repeats the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

35.    Plaintiff at all relevant times was a qualified individual with a disability within the meaning of 42 U.S.C. 12111 §101(8).

36.    Defendant Kadant's acts represent, inter alia, intentional violations of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101, et seq.

## COUNT II
### Violation of M.G.L. c. 151B – Handicap Discrimination
(Against Kadant only)

37.    Plaintiff repeats the allegations contained in paragraphs 1 through 36 as if fully set forth herein.

38.    Defendant Kadant's conduct represents, inter alia, intentional discrimination on the basis of handicap in violation of M.G.L. c. 151B, s. 4(16).

## COUNT III
### Violation of M.G.L. c. 151B - Handicap Discrimination
(Against Defendants Langevin and DiMarzio only)

39.    Plaintiff repeats the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

40.    Defendants Langevin and DiMarzio intentionally discriminated against Plaintiff on the basis of handicap in violation of M.G.L. c. 151B, s. 4(16).

41.    Defendant Langevin and DiMarzio aided and abetted Kadant in such discrimination and unlawfully interfered with Plaintiff's rights in violation of M.G.L. c. 151B, s. 4(4A) and 4(5).

## COUNT IV
### Violation of Title VII of the Civil Rights Act of 1964
### Discrimination Based On Sex
(Against Kadant only)

42.    Plaintiff repeats the allegations contained in paragraphs 1 through 41 as if fully set forth herein.

43.    Kadant's acts represent, inter alia, intentional discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

## COUNT V
### Violation of M.G.L. c. 151B
### Discrimination Based On Sex
(Against Kadant only)

44.    Plaintiff repeats the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

45.    Kadant's conduct represents, inter alia, intentional discrimination on the basis of sex in violation of M.G.L. c. 151B, s. 4(1).

## COUNT VI
### Violation of M.G.L. c. 151B
### Discrimination Based on Sex
(Against Defendants Langevin and DiMarzio only)

46.    Plaintiff repeats the allegations contained in paragraphs 1 through 45 as if fully set forth herein.

47.    Defendants Langevin and DiMarzio intentionally discriminated against Plaintiff on the basis of sex in violation of M.G.L. c. 151B, s. 4(1).

48.    Defendant Langevin and DiMarzio aided and abetted Kadant in such discrimination and unlawfully interfered with Plaintiff's rights in violation of M.G.L. c. 151B, s. 4(4A) and 4(5).

## COUNT VII
### Violation of the FMLA
(Against Kadant only)

49.     Plaintiff repeats the allegations contained in paragraphs 1 through 48 as if fully set forth herein.

50.     Plaintiff was employed by Kadant for more than one year.

51.     Kadant at all relevant times employed more than fifty persons.

52.     Kadant is a covered employer within the meaning of The Family and Medical Leave Act, 29 U.S.C. §2601, et.seq. ("FMLA").

53.     Under the FMLA, Plaintiff was entitled to up to twelve weeks of protected medical leave for a serious health condition.

54.     Kadant discriminated against and ultimately terminated Plaintiff for taking protected medical leave.

55.     Kadant committed willful violations of 29 U.S.C. §2615.

## COUNT VIII
### Intentional Infliction Of Emotional Distress
(Against Defendants Langevin and DiMarzio only)

56.     Plaintiff repeats the allegations contained in paragraphs 1 through 55 as if fully set forth herein.

57.     Defendants Langevin and DiMarzio intended to inflict emotional distress upon Plaintiff or they knew or should have known that emotional distress was the likely result of their conduct.

58.     The conduct of Defendants Langevin and DiMarzio was extreme and outrageous and beyond all possible bounds of decency and utterly intolerable in a civilized community.

59.     The actions of Defendants Langevin and DiMarzio caused severe emotional distress.

7

60.    Plaintiff's emotional distress was severe and of a nature that no reasonable person could be expected to endure it.

## COUNT IX
## Tortious Interference With Advantageous Contractual Relations
(Against Defendants Langevin and DiMarzio only)

61.    Plaintiff repeats the allegations contained in paragraphs 1 through 60 as if fully set forth herein.

62.    Plaintiff had advantageous contractual relations with Kadant with a reasonable expectation of continued employment and advancement.

63.    Defendants Langevin and DiMarzio knowingly interfered with Plaintiff's employment and induced Kadant to terminate Plaintiff's employment.

64.    The interference of Defendants Langevin and DiMarzio was intentional and was improper in motive or means.

65.    Plaintiff was damaged and harmed thereby.

## COUNT X
## Misrepresentation
(Against Defendant Kadant only)

66.    Plaintiff repeats the allegations contained in paragraphs 1 through 65 as if fully set forth herein.

67.    Kadant represented to Plaintiff that she could go off on long term disability and take as much time as necessary to recover and could return to work when she was medically cleared to do so.

68.    Kadant's representations amounted to a promise to accommodate Plaintiff's disability by providing her with a medical leave of absence until she was able to return to work.

69.    Plaintiff reasonably relied upon Kadant's representations to her detriment.

8

70. Kadant's representations were false.

71. Plaintiff suffered damages thereby.

## COUNT XI
### Breach of Express or Implied Contract
(Against Defendant Kadant only)

72. Plaintiff repeats the allegations contained in paragraphs 1 through 71 as if fully set forth herein.

73. Kadant promised Plaintiff that she could go off on long term disability and take as much time as necessary to recover and could return to work when she was medically cleared to do so.

74. Kadant's representations amounted to a promise to accommodate Plaintiff's disability by providing her with a medical leave of absence until she was able to return to work.

75. Plaintiff reasonably relied upon Kadant's promises to her detriment.

76. Kadant breached its promises to Plaintiff to her damage.

## COUNT XII
### Promissory Estoppel
(Against Defendant Kadant only)

77. Plaintiff repeats the allegations contained in paragraphs 1 through 76 as if fully set forth herein.

78. Kadant promised Plaintiff that she could go off on long term disability and take as much time as necessary to recover and could return to work when she was medically cleared to do so.

79. Kadant's representations amounted to unambiguous promises to accommodate Plaintiff's disability by providing her with a medical leave of absence until she was able to return to work.

80. Plaintiff reasonably relied upon Kadant's promises to her detriment.

81. Kadant breached its promises to Plaintiff to her damage.

## RELIEF SOUGHT

WHEREFORE, the Plaintiff prays that this Honorable Court:

A.    Enter judgment against Defendant Kadant on Count I for compensatory damages, punitive damages, reasonable attorneys' fees, interest and costs.

B.    Enter judgment against Defendant Kadant on Count II for compensatory damages, punitive damages, reasonable attorneys' fees, interest and costs.

C.    Enter judgment against Defendants Langevin and DiMarzio on Count III for compensatory damages, punitive damages, reasonable attorneys' fees, interest and costs.

D.    Enter judgment against Defendant Kadant on Count IV for compensatory damages, punitive damages, reasonable attorneys' fees, interest and costs.

E.    Enter judgment against Defendant Kadant on Count V for compensatory damages, punitive damages, reasonable attorneys' fees, interest and costs.

F.    Enter judgment against Defendants Langevin and DiMarzio on Count VI for compensatory damages, punitive damages, reasonable attorneys' fees, interest and costs.

G.    Enter judgment against Defendant Kadant on Count VII for damages, liquidated damages, reasonable attorneys' fees, interest and costs.

H.    Enter judgment against Defendants Langevin and DiMarzio on Count VIII for compensatory damages, interest and costs.

I.    Enter judgment against Defendants Langevin and DiMarzio on Count IX for compensatory damages, interest and costs.

J.     Enter judgment against Defendant Kadant on Count X for compensatory damages, reasonable attorneys' fees, interest and costs.

K.     Enter judgment against Defendant Kadant on Count XI for compensatory damages, interest and costs.

L.     Enter judgment against Defendant Kadant on Count XII for compensatory damages, interest and costs.

M      Order Defendant Kadant to reinstate Plaintiff with back pay and benefits.

N.     Enter such other and further relief as this Honorable Court may deem just and proper.

## PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL COUNTS.

SHELLEY DELAGE,

By her Attorney,


_____
Richard A. Mulhearn
BBO: 359680
Law Offices of Richard A. Mulhearn
41 Elm Street
Worcester, MA 01609
Tel: (508) 753-9999

September 27, 2004.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**04 -40194**

FILED
OFFICE

1.  TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)_____ Shelley Delage v.
Kadant Web Systems, Inc.

2004 SEP 27 P

2.  CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

U.S. DISTRICT COURT
DISTRICT OF MASS.

___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

X   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

___ V.    150, 152, 153.

3.  TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE
HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

_____

4.  HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
COURT?

                                                 YES          (NO)

5.  DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
PUBLIC INTEREST?   (SEE 28 USC §2403)

                                                 YES          (NO)

    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                 YES          (NO)

6.  IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
28 USC §2284?
                                                 YES          (NO)

7.  DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                                 (YES)         NO

    A.    IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

          EASTERN DIVISION          (CENTRAL DIVISION)          WESTERN DIVISION

    B.    IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
          GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

          EASTERN DIVISION          CENTRAL DIVISION          WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _____ Richard A. Mulhearn
ADDRESS _____ 41 Elm St, Worcester MA 01609
TELEPHONE NO. _____ (508) 753 9999

(Cover sheet local.wpd - 11/27/00)

**JS 44** (Rev. 3/99)

**04 40194**

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Shelley Delage

**(b)** County of Residence of First Listed Plaintiff    Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Richard A. Mulhearn, Esq.
Law Offices of Richard A. Mulhearn
41 Elm St., Worcester, MA 01609 508-753-9999

## DEFENDANTS Kadant Web Systems,Inc., Eric Langevin and David DiMarzio

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 2  U.S. Government
Defendant

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 4  Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug |  | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product  Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability / ☐ 365 Personal Injury— | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &  Product Liability | ☐ 630 Liquor Laws |  | ☐ 460 Deportation |
| & Enforcement of | Slander / ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'  Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability  Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other |  | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405 (g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate | & Disclosure Act |  | ☐ 895 Freedom of |
| ☐ 220 Foreclosure | ☒ 442 Employment  Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/  Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 240 Torts to Land | Accommodations / ☐ 530 General |  | or Defendant) | Determination Under Equal Access to |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. |  | Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | Security Act | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
|  | ☐ 550 Civil Rights |  | 26 USC 7609 | State Statutes |
|  | ☐ 555 Prison Condition |  |  | ☐ 890 Other Statutory Actions |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to
District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION    (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

ADA, 42 U.S.C. s. 12101; Title VII, 42 U.S.C. s. 2000e; FMLA    employment discrimination

## VII. REQUESTED IN    ☐ CHECK IF THIS IS A CLASS ACTION
COMPLAINT:    UNDER F.R.C.P. 23

DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S)    (See
IF ANY    instructions):

JUDGE    DOCKET NUMBER

DATE    9/27/04

SIGNATURE OF ATTORNEY OF RECORD    Richard A. Mulhearn

FOR OFFICE USE ONLY

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE