UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISON

| | |
|---|---|
| SHELLEY DELAGE )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KADANT WEB SYSTEMS, INC., )<br>ERIC LANGEVIN and )<br>DAVID DIMARZIO )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 04-40194 FDS |

## ANSWER TO COMPLAINT

Now come Defendants Kadant Web Systems, Inc. ("Kadant"), Eric Langevin and David DiMarzio (collectively "Defendants"), and answer the Complaint as follows:

1. Paragraph 1 of the Complaint states a legal conclusion and no further answer is required of the Defendants.

2. Paragraph 2 of the Complaint states a legal conclusion and no further answer is required of the Defendants.

3. Defendants are without sufficient knowledge or information to either admit or deny the allegations in paragraph 3.

4. Defendants admit the allegations in paragraph 4.

5. Defendants admit that Eric Langevin is an individual, but deny the remaining allegations in paragraph 5.

6. Defendants admit that David DiMarzio is an individual and has been employed by Kadant as a Manufacturing Manager, but deny the remaining allegations in paragraph 6.

7. Defendants admit the allegations in paragraph 7.

8. Defendants admit the allegations in paragraph 8.

9. Defendants deny the allegations in paragraph 9.

10. Defendants deny the allegations in paragraph 10.

11. Defendants answer paragraph 11 by admitting that during the course of 2002, the Plaintiff presented documentation alleging that she had medical conditions that required her to be out of work for a medical treatment and recovery for a specific period of time. The remainder of paragraph 11 either states legal conclusions to which no further answer is required of Defendants or is vague and ambiguous and cannot be answered by Defendants.

12. Defendants admit the allegations in paragraph 12.

13. Defendants answer paragraph 13 by admitting that Kadant issued Plaintiff written warnings on 10/07/2002 and 12/10/2002 for absenteeism, that medical notes were provided by her for the absences and that the absences were allegedly due to medical reasons

14. Defendants admit the allegations of paragraph 14.

15. Defendants deny the meeting was on April 2, 2003, but admit the remaining allegations in paragraph 15.

16. Defendants admit that Plaintiff and Defendant Langevin discussed Plaintiff's use of vacation time for her expected absences, but deny the remaining allegations in paragraph 16.

17. Defendants admit the allegations in paragraph 17.

18. Defendants answer paragraph 18 by admitting that Plaintiff told Defendant Langevin about her alleged medical conditions.

19. Defendants deny the allegations in paragraph 19.

20. Defendants are without sufficient knowledge or information to either admit or deny the allegations in paragraph 20.

21. Defendants admit the allegations in paragraph 21.

22. Defendants answer paragraph 22 by stating that the 04/18/03 letter speaks for itself and no further answer is required of Defendants.

23. Defendants answer paragraph 23 by stating that Plaintiff contacted Defendant Langevin to protest her termination and that Defendant Langevin told her, among other things, that he would speak to Defendant DiMarzio and call her back.

24. Defendants deny the allegations in paragraph 24.

25. Defendants deny the allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26.

27. Defendants deny the allegations in paragraph 27.

28. Defendants deny the allegations in paragraph 28.

29. Defendants deny the allegations in paragraph 29.

30. Defendants deny the allegations in paragraph 30.

31. Defendants admit the allegations in paragraph 31.

32. Defendants are without sufficient knowledge or information to either admit or deny the allegations in paragraph 32.

33. Defendants are without sufficient knowledge or information to either admit or deny the allegations in paragraph 33.

34. Defendants restate their answers to paragraphs 1 through 33 as if fully set forth herein.

35. Defendants deny the allegations in paragraph 35.

36. Defendants deny the allegations in paragraph 36.

37. Defendants restate their answers to paragraphs 1 through 36 as if fully set forth herein.

38. Defendants deny the allegations in paragraph 38.

39. Defendants restate their answers to paragraphs 1 through 38 as if fully set forth herein.

40. Defendants deny the allegations in paragraph 40.

41. Defendants deny the allegations in paragraph 41.

42. Defendants restate their answers to paragraphs 1 through 41 as if fully set forth herein.

43. Defendants deny the allegations in paragraph 43.

44. Defendants restate their answers to paragraphs 1 through 43 as if fully set forth herein.

45. Defendants deny the allegations in paragraph 45.

46. Defendants restate their answers to paragraphs 1 through 45 as if fully set forth herein.

47. Defendants deny the allegations in paragraph 47.

48. Defendants deny the allegations in paragraph 48.

49. Defendants restate their answers to paragraphs 1 through 48 as if fully set forth herein.

50. Defendants admit the allegations in paragraph 50.

51. Defendants admit the allegations in paragraph 51.

52. Defendants admit the allegations in paragraph 52.

53. Defendants answer paragraph 53 by stating that under the FMLA, if plaintiff satisfied all statutory eligibility requirements, she was entitled to up to twelve (12) weeks of protected medical leave for a serious health condition.

54. Defendants deny the allegations in paragraph 54.

55. Defendants deny the allegations in paragraph 55.

56. Defendants restate their answers to paragraphs 1 through 55 as if fully set forth herein.

57. Defendants deny the allegations in paragraph 57.

58. Defendants deny the allegations in paragraph 58.

59. Defendants deny the allegations in paragraph 59.

60. Defendants deny the allegations in paragraph 60.

61. Defendants restate their answers to paragraphs 1 through 60 as if fully set forth herein.

62. Defendants deny the allegations in paragraph 62.

63. Defendants deny the allegations in paragraph 63.

64. Defendants deny the allegations in paragraph 64.

65. Defendants deny the allegations in paragraph 65.

66. Defendants restate their answers to paragraphs 1 through 65 as if fully set forth herein.

67. Defendants deny the allegations in paragraph 67.

68. Defendants deny the allegations in paragraph 68.

69. Defendants deny the allegations in paragraph 69.

70. Defendants deny the allegations in paragraph 70.

71. Defendants deny the allegations in paragraph 71.

72. Defendants restate their answers to paragraphs 1 through 71 as if fully set forth herein.

73. Defendants deny the allegations in paragraph 73.

74. Defendants deny the allegations in paragraph 74.

75. Defendants deny the allegations in paragraph 75.

76. Defendants deny the allegations in paragraph 76.

77. Defendants restate the answers to paragraphs 1 through 76 as if fully set forth herein.

78. Defendants deny the allegations in paragraph 78.

79. Defendants deny the allegations in paragraph 79.

80. Defendants deny the allegations in paragraph 80.

81. Defendants deny the allegations in paragraph 81.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails in whole or part to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any action taken by Defendants toward Plaintiff was for lawful, legitimate, non-discriminatory and non-retaliatory business reasons.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

By her words and conduct, Plaintiff has waived her claims.

### FIFTH AFFIRMATIVE DEFENSE

By her words and conduct, Plaintiff is estopped from bringing her claims.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims in Counts I through III are barred because Plaintiff is not a qualified handicapped or disabled individual.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims in Counts I through III are barred because it would have been an undue hardship for Kadant to accommodate Plaintiff's alleged handicapped and/or disability.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims in Counts VIII through XII are preempted because the exclusive remedy for all such claims is through Massachusetts General Laws Chapter 151B, §§ 1 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and/or the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims in Counts VIII through XII are preempted because the exclusive remedy for all such claims is through the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1001 *et seq.*

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims in Counts VIII and IX are barred because Defendants' actions were privileged.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims in Count IX and XI are barred because there was no contractual relationship between Plaintiff and Kadant.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims in Counts IX and XI are barred for lack of consideration.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims in Counts X and XII are barred because any reliance by Plaintiff on the alleged promise was not reasonable.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim in Count VIII is preempted because of the exclusive remedy for the claim is through Massachusetts General Laws Chapter 152, §§ 1 *et seq.*

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim in Count IX is barred because Defendants' actions were justified.

WHEREFORE, Defendants pray that the Complaint be dismissed, that Defendants be awarded their costs and attorneys' fees and that the Court grant such other and further relief as it deems just and appropriate.

KADANT WEB SYSTEMS, INC.,
ERIC LANGEVIN and
DAVID DIMARZIO

By their Attorneys,


/s/ David M. Felper
David M. Felper, Esq., BBO #162460
Kathryn E. Abare-O'Connell, Esq., BBO #647594
Bowditch & Dewey, LLP
311 Main Street - P.O. Box 15156
Worcester, MA  01615-0156
(508) 926-3452

Dated:  December 1, 2004